# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3173 | **DATE** | June 18, 2008 |
| **CASE TITLE** | Elton Morris (K-96608) v. Cook County | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order to: (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint in accordance with this order. The clerk is directed to send an *in forma pauperis* application and an amended complaint form, along with a copy of this order, to plaintiff. Failure to comply with this order within 30 days will result in dismissal of this case.

■ **[For further details see text below.]**                                                      Docketing to mail notices.

## STATEMENT

    Plaintiff, Elton Morris (K 96608), currently in custody at Vandalia Correctional Center, has filed this civil rights complaint against the Cook County Sheriff and various departments within the Cook County Jail. Plaintiff alleges that he underwent a penis swab and a strip search when he entered Cook County Jail in 2001. Although the clerk of this court accepted plaintiff's complaint pursuant to FED. R. CIV. P. 5(e), plaintiff has neither paid the $350 filing fee, nor requested to proceed *in forma pauperis*. Plaintiff must resolve the filing fee issue before this case may proceed forward.

    The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form, which allows the court to determine if the inmate qualifies as a pauper. *See* 28 U.S.C. § 1915(b)(1). If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to assess the initial partial filing fee, plaintiff must include with his application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

    If plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the form being provided to him, and include a copy of his inmate trust account statement for the six-month period immediately preceding the filing of the current complaint. Failure to comply with this order within 30 days of the date of this order will result in dismissal of this case for failure to pay.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Additionally, plaintiff's current complaint is dismissed without prejudice to plaintiff submitting an amended complaint. Plaintiff's current complaint does not name proper parties as defendants, and plaintiff's allegations indicate that his complaint is untimely. The "Cook County Medical Staff" and "Cook County Intake Staff" are not suable parties and are not proper defendants. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993) (a county jail and its departments are not considered entities separate and distinct from the county and are not suable parties). Although the Cook County Sheriff is a suable party, plaintiff's allegations do not indicate that the sheriff was personally involved in the penis swab and strip search in 2001; nor does plaintiff allege that the sheriff created or allowed a custom or policy with respect to the screening procedures. *See Hammer v. Ashcroft,* 512 F.3d 961, 970 (7th Cir. 2008); *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). If plaintiff seeks to pursue this action against the sheriff, plaintiff should state how the sheriff was involved.

Also, plaintiff's complaint appears to be time-barred. The limitations period for 42 U.S.C. § 1983 claims in Illinois is two years, and a plaintiff must bring his suit within two years of the event giving rise to his suit, not including the time during which he sought administrative remedies. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). Although time-bar is an affirmative defense, a court may dismiss a complaint where such a defense is apparent on the face of the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

The Court also notes that there is a class action suit proceeding before another judge of this Court that addresses challenges to penis swabbing at Cook County Jail. *Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.). Although the date for claims in that action closed on March 31, 2008, plaintiff may want to contact attorney Kenneth N Flaxman (attorney for the class), 200 South Michigan Avenue, Suite 1240, Chicago, Illinois, 60604-6107, (312) 427-3200, to determine if plaintiff is a member of the class or is able to join the class. If plaintiff seeks to pursue a separate suit for his penis swab claim, he should notify this court that plaintiff opted out of the class and seeks to pursue this suit as a separate action.

For the reasons stated above, if plaintiff wants to continue with this case, within 30 days of the date of this order, he must: (1) either prepay the $350 filing fee or submit an application to proceed *in forma pauperis*, and (2) submit an amended complaint. The amended complaint should state why plaintiff's claims are not time-barred and should either name the individuals personally involved or state what claims are being asserted against the Cook County Sheriff. Plaintiff should also indicate whether he wants to continue with the instant case, as opposed to being a member of the class in *Jackson v. Sheriff of Cook County*, No. 06 C 0493.

Plaintiff is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. Thus, the amended complaint must state all the claims plaintiff seeks to raise in this case and name all the defendants sought to be sued in this case. The court will not refer to different pleadings to determine the claims and parties to this suit.

Plaintiff's failure to comply with this order within 30 days of the date of this order may be construed as his desire not to proceed with this case and will result in dismissal of his complaint.